UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:21-CV-00029-JHM

GREENHOUSE HOLDINGS, LLC                                                                                        PLAINTIFF

V.

INTERNATIONAL UNION OF PAINTERS AND ALLIED
TRADES DISTRICT COUNCIL 91                                                                                      DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Greenhouse Holding, LLC's ("Greenhouse") Motion to Vacate [DN 13] the arbitration award [DN 18-4]. Also before the Court is the International Union of Painters and Allied Trades District Council 91's ("the Union") Motion to Confirm [DN 17] that same award. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Vacate is **GRANTED** to the extent the arbitration award applies to Greenhouse. Additionally, the Court orders the Union to make Clearview Glass and Glazing of Tennessee ("Clearview TN") a party to this case under Federal Rule of Civil Procedure 19 before it addresses the Motion to Confirm.

### I.   DISCUSSION

The Court's previous Memorandum Opinion and Order details this case's underlying facts. [DN 25 at 1–4]. In that opinion, the Court considered granting Greenhouse's Motion to Vacate to the extent the arbitration award applies against Greenhouse and granting the Union's Motion to Confirm as it applies to Clearview TN. [*Id.* at 13]. Before granting these motions, the Court ordered oral argument on the motions. Now, after hearing those arguments, the Court's mind remains unchanged. The Court addresses each motion in turn.

**A.   Greenhouse's Motion to Vacate**

1

Greenhouse seeks to vacate the arbitration award "to the extent it applies to Greenhouse[.]" [DN 13]. Since Greenhouse's motion does not seek to invalidate the entire arbitration award, the Court construes this motion as a motion to vacate in part. *Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) ("A court reviewing an arbitration award can confirm and/or vacate the award, either in whole or in part."). Following oral argument, the Court agrees that vacatur of the award to the extent it applies to Greenhouse is appropriate.

An arbitration award must "draw[ ] its essence from the collective bargaining agreement." *United Steelworkers of Am. v. Enter. Wheel & Car Co.*, 363 U.S. 594, 597 (1960). Under the Federal Arbitration Act ("FAA"), a court may vacate an award upon a party's motion when "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). "The burden of proving that the arbitrators exceeded their authority is great." *Solvay Pharmaceuticals, Inc v. Duramed Pharmaceuticals, Inc.*, 442 F.3d 471, 476 (6th Cir. 200) (citing *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 845 (6th Cir. 2003)). "An arbitrator does not exceed his authority every time he makes an interpretive error; he exceeds that authority only when the collective bargaining agreement does not commit the dispute to arbitration." *Michigan Fam. Ress., Inc. v. Serv. Emps. Intern. Union Loc. 517*, 475 F.3d 746, 756 (6th Cir. 2007). When an arbitrator determines the "rights or obligations of [a] non-part[y] to the arbitration[,]" he exceeds his authority. *Nationwide Mut. Ins. Co.*, 330 F.3d at 846.

The Court remains unconvinced that Greenhouse ever assented to the CBA. Only Shane Reed ("Mr. Reed"), a Clearview TN employee, signed the agreement for the "Employer." [DN 18-4 at 34]. No evidence in the record or presented at the hearing indicates Mr. Reed

2

represented both Greenhouse and Clearview TN. Nor does Greenhouse's name ever appear in either version of the CBA. *See* [18-3]; [DN 18-4]. In fact, the Union admits that "[the] 'Employer' referred to in the CBA is 'Clearview Glass and Glazing Contractors of Tennessee, LLC.'" [DN 24 at 2–3]. Thus, it appears only Clearview TN signed the CBA. "[T]he law respects the separate nature of different corporations, and a[n entity] wanting to rely on a contract with other businesses is well-advised to ensure that the contract clearly indicates who the contracting parties are." *Town & Country Salida, Inc. v. Dealer Computer Servs., Inc.*, 521 F. App'x 470, 476 (6th Cir. 2013). Because only Clearview TN signed the CBA, it could only bind Clearview TN. The arbitrator's award vaguely entered the award against "Clearview Glass and Glazing," the trade name for both companies. [DN 18-2 at 2]. There is no explanation whether that designation applies to Greenhouse, Clearview TN, or both. But, if that award does apply to Greenhouse, it extends beyond the arbitrator's authority by determining the "rights or obligations of [a] non-part[y] to the arbitration." *Nationwide*, 330 F.3d at 846. Therefore, the Court will **GRANT** Greenhouse's Motion to Vacate "to the extent it applies to Greenhouse[.]"

### B. The Union's Motion to Confirm

Next, the Court turns to the Union's Motion to Confirm [DN 17]. Under the FAA, upon a party's motion to confirm, a "court *must* grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. The FAA "presumes that arbitration awards will be confirmed." *Wachovia Securities, Inc. v. Gangale*, 125 F. App'x. 671, 676 (6th Cir. 2005). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).

3

However, the Court is being asked to confirm an arbitration award against a party which is not before the Court. Clearview TN has never been made a party in this case. In certain instances, the Court may order a required party to be added to a case. Federal Rule of Civil Procedure 19(a) states:

> **(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>     **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>     **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>         **(i)** as a practical matter impair or impede the person's ability to protect the interest . . .
> **(2) Joinder by Court Order.** If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

"There is no precise formula for determining whether a particular nonparty should be joined under the compulsory party joinder rule; rather, the determination is heavily influenced by the facts and circumstances of each case." 35A C.J.S. *Persons required to be joined if feasible* § 135 (2021).

At oral argument, the Court raised this question with counsel, and while they acknowledged they had considered it, they offered no argument one way or the other on the question. It seems obvious to the Court that Clearview TN must be made a party to this case before the Court can confirm an arbitration award against it. "[C]onfirmation is a summary proceeding where the Court merely converts an arbitration award into a final judgment." *IBEW Local No. 573 v. Steen Elec., Inc.,* 232 F. Supp. 2d 797, 803 (N.D. Oh. 2002). If the Court confirmed the arbitration award, it would amount to entering a final judgment against a party that has never been involved in these proceedings. The large sum involved, $1,965,268.03, further

emphasizes the need for Clearview TN to be present in this case. Under Rule 19, confirming the award against Clearview TN without it being a party would certainly "impair or impede [its] ability to protect [its] interest . . . ." Fed. R. Civ. P. 19(a)(1)(B). With the Court having vacated the arbitration award as it applies against Greenhouse, there is also a strong argument that "the court cannot accord complete relief among existing parties" without the addition of Clearview TN. Fed. R. Civ. P. 19(a)(1)(A). Therefore, the Court orders the Union to make Clearview TN a party to this case.

As an aside, the Court recognizes that the Union maintains Greenhouse and Clearview TN are essentially the same entity, making them both signatories to the CBA. While the Court ultimately rejects this argument, the Union has preserved this argument on appeal despite being required to add Clearview TN as a party under Rule 19.

In short, although the FAA requires that a court "must" confirm an arbitration award absent vacation or modification, the Court cannot resolve this matter until Clearview TN is a party to the case. Therefore, under Federal Rule of Civil Procedure 19(a)(2), the Court orders the Union to make Clearview TN a party.

## II. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Greenhouse's Motion to Vacate [DN 13] is **GRANTED** to the extent the arbitration award applies to Greenhouse. Additionally, in accordance with Federal Rule of Civil Procedure 19, the Court orders the Union to make Clearview TN a party to this action.

*Joseph H. McKinley Jr.*

Joseph H. McKinley Jr., Senior Judge
United States District Court

November 18, 2021

cc:   Counsel of Record

5